Good morning, your honors. May it please the court. My name is Miriam Masumi and I'm here today on behalf of the petitioner, Jose Hernandez-Nolasco. Mr. Hernandez is a 23-year-old native and citizen of Honduras, who fled his country to come to the United States after a series of horrific threats and acts of violence against him and his members of his family. After four years of residing in the United States, Mr. Hernandez was convicted for possession of cocaine with intent to distribute in the circuit court for Fairfax County in Virginia on January 29, 2013. As a result of this conviction and Mr. Hernandez's lack of lawful immigration status in the United States, Mr. Hernandez was issued a notice of intent to issue a final order of removal administratively on July 25, 2013 by the Department of Homeland Security pursuant to Title VIII of the United States Code 1228. It was charged at that time that Mr. Hernandez was removable from the United States because he was convicted of an abrogated felony. What happened next has created the first issue in this case, which is whether Mr. Hernandez's petition for review is reviewable by this court as a result of this aggravated felony classification and how Mr. Hernandez addressed this classification in prior proceedings below. Moreover, a second issue arises as to whether the board erred in concluding that Mr. Hernandez's application for withholding of removal was correctly denied, despite the fact that the immigration judge did not specifically find that Mr. Hernandez was convicted of an aggravated felony when he made his determination. Did you raise the question of whether there was an aggravated felony, whether this was an aggravated felony before the IJ? Your Honor, it was raised a few times before the immigration judge. During a master counseling... In your gray brief, you said you raised it before the IJ, but there wasn't any citation, was there? Your Honor, there may not have been a citation, but I can point the court to the record where they can... Okay, well, why wasn't there a citation to that in that gray brief as to where you... to the fact that you raised this before the immigration judge? Your Honor, I apologize for the lack of the citation. I can't... That's okay, but let me see, where in the record did you raise it before the IJ? Absolutely, Your Honor. The joint appendix asked the court to make a decision regarding the respondent's eligibility for withholding of removal and asked the court if they would like a brief on the issue of whether the petitioner was an aggravated felon. There is a brief in the joint appendix that was submitted by a counsel, which was a brief in support of eligibility for withholding of removal, and that is at page... This is one of the questions I have. The question of question from eligibility for withholding of removal. I mean, those are not... those are not one in the same, and I was wondering whether the questions that you raised before the administrative tribunal had more to do with eligibility for withholding, because you could be removable, but then you could seek eligibility or you could seek withholding of removal, but they aren't the same question. And so it seemed to me, though your position was something of a moving target below, that the emphasis, certainly the emphasis was on eligibility for withholding, wasn't it? The emphasis was on whether the petitioner was the aggravated felony had to have been determined in order for the judge to find that he was convicted of a particularly serious crime. Challenging removability for... without necessarily deciding the aggravated felony question. Your Honor, in accordance with the regulations at 238 ACFR 2838.1, it states that if an individual is convicted of an aggravated felony and receives a sentence of at least five years, that individual is per se found to be convicted of a particularly serious crime. The immigration judge even stated this to be the case in the joint appendix at page 116 when he stated to the petitioner, if the court were to find that your conviction constitutes an aggravated felony, which also constitutes a particularly serious crime, then you would not have been eligible for withholding of removal. The difficulty I'm having is the BIA's decision says, contrary to the appellant's argument on appeal, the immigration judge was not required to first find that his conviction was for an aggravated felony before concluding that it was for a particularly serious crime. A crime need not be an aggravated felony in order to be deemed particularly serious for withholding of removal purposes. And there are decisions from our court and in bank decisions from the Ninth Circuit and BIA decisions to that same effect. Yes, Your Honor. And what we're relying upon is the language of the actual statute, which states that you need an aggravated felony conviction and a term of imprisonment for five years in order to be convicted of a particularly serious crime per se. And based on how the record went before the immigration judge, the immigration judge was making this presumption that Mr. Nolasco was convicted of an aggravated felony without actually reaching the fact that he was convicted of an aggravated felony. Why wasn't he convicted of an aggravated felony? Well, Your Honor, he was convicted under Virginia Statute 18.2248, which is the possession of cocaine with intent to distribute. And according to Mon- More than four grams. Yes, Your Honor, that is correct. So why wasn't that an aggravated felony? Well, according to Moncrief v. Holder, which is the Supreme Court case, the elements of the state statute have to match up with the elements of the federal. It seems to me they do. It's a categorical match. What's the problem from your perspective? What doesn't match? Well, there are elements in the Virginia statute that also state that if an individual gives the drug- Oh, that's the accommodation provision. That had nothing to do here because if someone is an accommodation distributor, then the court goes down a different route. The court didn't go down that route here. That's correct, Your Honor. So just to follow the statutory train here, the difficulty with your case, it seems to me, is that there are about three different hurdles that you have to clear to get anywhere. One is the jurisdictional hurdle, which seems problematic, but even if we gave you the benefit of the doubt on that, there's still the aggravated felony hurdle, and then there's the particularly serious crime. And I don't understand. The statutory trail here seems rather clear to me, which is the 1227A2A3. It says any alien who is convicted of an aggravated felony at any time after admission is deportable. Okay, you're still eligible for aggravated felony after that. Then it says the term aggravated felony means illicit- it talks about including a drug trafficking crime as defined in 924C. And then 924C says for purposes of this subsection, the drug trafficking crime is any felony punishable under the Controlled Substances Act, and this would be that. And then 841A1 says it's unlawful to possess with intent to distribute, and it defines cocaine as a controlled substance, so that brings it within the parameters of the definition in 18 U.S.C. 924C2. Now, I realize this was a state crime, but the statute doesn't distinguish between state and federal crimes, and it seems just almost impossible that Congress would want to say that something was an aggravated felony, which matches so very closely to felonies punishable under the Controlled Substances Act. I mean, it seems to me the statutory trail- I realize there are a lot of cross-references, but it leads in the end to a finding of an aggravated felony. Well, the problem in this case, Your Honor, is that the immigration judge never made that determination. And that is essentially what we're putting forward today, is that the immigration judge did not make that determination. And when he made the determination that Mr. Hernandez was ineligible for withholding, he- That gets back to the exhaustion problem, because I'm just not sure that he was required to make that determination, since the emphasis of your argument, as you were indicating, was on withholding. That is correct. But the other unique issue about this case, Your Honor, is that Mr. Hernandez did not have an avenue to adequately address whether he was an aggravated felon or not. He was placed in administrative removal proceedings before the Department of Homeland Security, who determined that his conviction was an aggravated felony. He then was given a notice that said, you can either contest our factual findings, or you can waive all of your rights and be deported back to your country. He chose to have a withholding hearing before the judge, but none of the options that were presented to him indicated that he could challenge the legal conclusion as to whether he was convicted of an aggravated felony. So when his case was brought before the immigration judge at that point, the only time that the aggravated felony issue could really be raised was on the withholding claim. Because at the administrative level, Mr. Nolasco was not able to raise that due to the- I'm not sure that's true, because the notice of intent under one of the statutory sections, the notice of intent, sets forth factual findings plus the charges, conclusions of law. And I don't understand why we would have an exhaustion rule that just dealt with this whole section piecemeal. At least that's the view the Eleventh Circuit takes in the Malu case. But I'm getting back to the point that when we follow these four statutory cross-references, don't they arrive clearly at the point that this is an aggravated felony? I mean, you can just tick them down. Yes, and Your Honor, our position is that the conduct did not- that you have to have a minimum conduct test. And in this particular case, the minimum conduct was not there. I know Judge Keenan indicated that the accommodation for giving- it was an accommodation. However, the elements do not match up to the federal statute. And with respect to- with respect to the issue of whether Mr. Hernandez failed to exhaust all of his administrative remedies, Your Honor, I did mention the Malu case in the Eleventh Circuit. However, there was a case that came out in the Fifth Circuit as well as in the Seventh Circuit, which indicated that when an individual is placed in administrative removal proceedings, they do not have the ability to- contest the legal conclusion that they've been found to have been convicted of an aggravated felony. They're essentially allowed to address the factual allegations such as, you are not a citizen of the United States, you are- you have been convicted of this crime. But there's no mechanism for them to say that I have not been convicted of an aggravated felony. And that's- Well, you have the Seventh Circuit cases. You have two different Seventh Circuit cases apparently going in different directions. It's sort of odd. It is, Your Honor. You admit that. The first Seventh Circuit case, I believe, was- that was decided first. The second Seventh Circuit case actually stated that an individual does not have the ability to determine whether or not they were convicted of an aggravated felony due to the fact they couldn't contest the conclusion. Well, in addition to the statutory trial leading in the direction that I think it does, what about the BIA statement that you can find someone to be- culpable of a particularly serious crime without first finding them to be guilty of an aggravated felony? I've always understood that under our GAIO decision to be the case. Your Honor, may I answer the question since my time is up? In this particular case, I don't believe that statement is correct. And the reason is because the record demonstrates that the immigration judge was finding that Mr. Hernandez was per se convicted of a particularly serious crime. And under the statute, it says that an individual has to have an aggravated felony and a term of imprisonment of five years. So there was a presumption that he- or he was per se convicted of a particularly serious crime. And the immigration judge did not even address whether or not there was a narrow exception to that presumption. The BIA reviewed the immigration judge's decision under a clear error standard. It says there's no clear error in the immigration judge's finding that an applicant's felony conviction of a five-year suspended sentence for possession, et cetera, constituted a particularly serious crime that rendered him a danger to the community and ineligible for withholding of removal under the act and under the cap. So is the particularly serious crime designation subject to clear error review in the BIA? Yes, Your Honor, it is. And the BIA found no serious- no clear error in the finding that there was a particularly serious crime? That is correct, Your Honor. And the- so I don't- if there's no error in the BIA's finding that he constituted a- that he committed a particularly serious crime that renders him a danger to the community and ineligible for withholding of removal under the act and under the cap, and if it's not necessary to find that there was a conviction for an aggregated felony in order to be deemed serious for withholding of removal purposes, how do you get around that? And it's pretty much what the point that we've raised, Your Honor, is that the statute states that an individual has to have both of those two things, an aggravated felony and a term of imprisonment of five years. In this particular case, in the immigration judge's decision, he did not detail why Mr. Hernandez was convicted of a particularly serious crime. All he said was that this is a conviction for- this is a conviction for drug trafficking, and there was a sentence of five years. There was no other analysis. So it- If you step back a minute and look at the forest, and we've been looking at the trees. If you look at the forest, it's sort of hard to think that Congress, when you look at these statutes, really wanted somebody who arrived illegally and then sustained a conviction for possession of cocaine with intent to distribute. Congress wanted to say, oh, no problem. It's not an aggravated felony. It's not a particularly serious crime. I mean, that- to attribute that to Congress and to say, no, no, it's not a problem. It's not an aggravated felony. It's not a particularly serious crime. That's kind of an uncomfortable conclusion. Your Honor, I can agree with that. But the issue in this case is that the immigration judge didn't make that finding. Petitioner's counsel during the stage of the immigration court submitted a brief indicating why this should not be an aggravated felony. All we were saying is that the immigration judge should have made this finding. He did make the finding that it was a particularly serious crime, and that was reviewed under a clear error standard. And it's not- the parent has clear error. That is correct. But he did not make the finding about the aggravated felony conviction. And I think as- There's a need to. There's no requirement that you have to first jump through the hoop of an aggravated felony before something can be designated a particularly serious crime. There's an in-bank decision of the Ninth Circuit that says that. The BIA decisions say that. Our GAIO decision says that. There is a conflict with the language of the statute, Your Honor, that we're referring to. The courts found it to be so. But anyway, you've got some time for rebuttal. And if you want to, you can get in the last word here. Okay. Thank you, Your Honor. I appreciate your time. May it please the Court. My name is Edward Wiggers. I represent the respondent in this matter. Hernandez's failure to contest his removability is a failure to exhaust that deprives the court of jurisdiction over whether his offense constitutes an aggravated felony. Even if it were not, possession of cocaine with intent to distribute is a felony under the Controlled Substances Act and, therefore, an aggravated felony under the immigration laws. His five-year sentence makes this crime automatically particularly serious under the statute and the court should dismiss in part and deny in part the petition for review. Now, I must take issue with counsel's assertion that the immigration judge never made a finding that this was an aggravated felony. It's not necessarily the most clear, but on page 122 of the joint appendix, after Hernandez's counsel asked for a final decision on whether he was eligible for withholding removal, the immigration judge stated the respondent has been convicted of an offense which constitutes trafficking. Trafficking is defined as an aggravated felony under 1101A43B. So that finding is there in the record. Once you have the aggravated felony finding and you have the five-year sentence, you have a per se particularly serious crime under the statute, which renders Hernandez ineligible for withholding of removal. Now, as far as his ability to contest removability in the administrative removal proceedings, he is required by statute and regulation to be afforded a 10-day period to rebut the notice of intent to issue the final administrative removal order. He took 15 minutes to choose not to do so. He is required by statute and regulation to be notified that he has the right to seek an attorney. He did not try to do so at that point. He did get an attorney when he went to his reasonable fear interview related to his withholding application. He has the right to seek an extension of his time to respond to the notice of intent. He did not do so. Again, we know from the record, they note the time when they served the notice of intent on him. I believe that was at 1115 and then he signed saying that he only wanted to pursue withholding of removal at 1130. So we know from the record in this case that Hernandez had no desire to contest his removability as an aggravated felon. And in the ordinary course of immigration proceedings, that constitutes a judicial admission that is binding upon him, whether it's made by his counsel or whether he makes it himself. These are slightly different proceedings because they're administrative removal proceedings. However, that just means that the pleadings portion of the case is moved into the administrative proceedings. And in fact, the regulation envisions a situation where the deciding service officer finds that the aggravated felony determination is not necessarily sustainable and instead initiates regular immigration removal proceedings. Does the Tories' decision, which is going to be argued on November 3rd before the Supreme Court, bear on these issues in some way? I don't believe so, Your Honor. Why not? I've got to admit, I'm not fully familiar with what's pending with Torres. But my understanding, this is basically a clear application of the regulations as far as... Well, I think, I don't think that Torres' decision speaks jurisdictionally. I think it struck me as a question of whether they were going to apply Taylor test or whatever to immigration proceedings, the degree to which Taylor extended to the immigration context. It more or less extends fully, Your Honor. The board has applied the DECOMP decision, and pretty much all the circuits have applied the DECOMP decision. Well... As far as whether this crime constitutes an aggravated felony, an actual challenge, I would also note that while Petitioner did raise in his brief the Moncrief argument, at the prior hearing, he stated to the immigration, his counsel stated to the immigration judge, that he was dealing with a drug trafficking aggravated felony. And he was seeking to avail himself of the exception of matter of Y.L. for those crimes constituting particularly serious crimes. Matter of Y.L. applies where you do not have a five-year sentence. Matter of Y.L. says as much. Because the five-year sentence with the aggravated felony conviction is determinative. But matter of Y.L. does not apply if you do not have an aggravated felony. So at that hearing, he was proceeding only on the theory of it being an aggravated felony. They filed their brief. They never make any other argument to the immigration judge about whether the crime is an aggravated felony. They just ask for the decision. And the immigration judge finds that it's a trafficking offense with a five-year sentence, and is therefore particularly serious. We submit that the immigration judge's finding was correct, and the board properly adopted and affirmed. Did you make the immigration judge made a finding that there was an aggravated felony? Yes, Your Honor. It's at page 114 of the joint appendix. You said 122. Did I say 122? I may have misspoke, Your Honor. Let me see. It is 122, Your Honor. I apologize. I misspoke. Counsel, getting back to Torres, isn't the argument that's before the Supreme Court in Torres the issue of whether the fact that there's an interstate commerce element in the drug trafficking in the federal statute and the state statute lacks one affects the categorical analysis? Yes, Your Honor. That is the argument in Torres. So why wouldn't that have some bearing here? If we were to say there's a categorical match here, rendering this an aggravated felony, why wouldn't that be affected, the analysis, by how the Supreme Court comes out on Torres? The elements of the federal felony that we're comparing Hernandez's conviction to is that he possessed cocaine with the intent to distribute. It doesn't have an interstate commerce hook. I see what you're saying. So you're saying it's a different statute in front of the Supreme Court in Torres. Yes, Your Honor. I believe it's an arson case or a firearms case or something that's in Torres that has an interstate commerce connection to create the jurisdiction for the federal offense. This is a drug case with no interstate commerce. Oh, I know that under the Virginia statute there's no requirement, but I'm wondering what federal statute do we match it to to determine if there's a categorical match, if some of them have an interstate commerce component and some do not, and the Supreme Court's concerned about whether that disrupts the categorical analysis. You're trying to match it to the generic federal offense for the crime charge. The crime charge here was possessing cocaine with intent to distribute. So you would look to the elements of the federal generic possessing cocaine with intent to distribute. And you're saying there's no interstate commerce requirement in there? Correct, Your Honor. That's our position. Since petitioner is an aggravated felony, the jurisdictional bar 1252A2C applies. The court's jurisdiction is limited to review of constitutional claims and questions of law. Questions relating to the cat claim were factual in nature and are therefore beyond this court's review, and unless the court has any further questions. Back to the we talked about the jurisdictional problem, we talked about the aggravated felony. What about the particularly serious crime question? I mentioned to the previous counsel that I did not think it was necessary for an aggravated felony to be made in order to find something of particularly serious crime. In the general sense, Your Honor, that's true. Pardon me? In the general sense, Your Honor, in the general scheme of things, that's true. So what constraints on the immigration judge's discretion are there in finding something of particularly serious crime? Immigration judges are required to follow the board's decisions that establish the factors to assess whether a crime is particularly serious. That's the matter of Frentescue originally and as modified in matter of NAM and other decisions. Is this something that we would, the designation as a particularly serious crime, which the BIA reviewed under a clear era standard? What level of deference is owed to an administrative finding of a particularly serious crime? It's thought to be discretionary with the Attorney General, I guess. Yes, Your Honor. Okay. And it bears on the question of eligibility for withholding, does it not? Yes, Your Honor. Okay. So is the BIA and the IJ standing in for the Attorney General in this instance? Yes, Your Honor. They're the Attorney General's delegees. So they are bound by their decisions and ours and everything with respect to this designation, but the Attorney General has a discretionary authority to label something a particularly serious crime. And you're saying that, number one, that can be made without an aggravated felony jury's finding. And you're saying, number two, the cause is discretionary with the Attorney General. It's an immigration matter that some deference is owed by the courts to that designation. I just want to make sure I understand that argument. Yes, Your Honor. Also, the jurisdictional bars for 1282B relating to discretionary decisions apply. Again, when the board reviews something for clear error. Of course, we have reviews of questions of law and constitutional. Right, Your Honor. So you're saying that the designation of a particularly serious crime being a discretionary decision is non-reviewable. Yes, Your Honor. Does it have a legal component? I mean, didn't the Third Circuit say that, that there is a legal component that doesn't? There is a legal component, Your Honor. However, the bulk of the NAM factors and the Frentescu factors deal with the circumstances surrounding the offense and they're more factual in nature. And it's a discretionary weighing of those facts. And that would certainly be the portion that's definitely beyond the review. But in this case, we have the additional jurisdictional bar of 1252A2C, which covers everything but a constitutional claim in question of law. If we had a finding based on the matter of NAM and Frentescu factors, that would be covered by 1252A2C because it's subject to clear error review by the board, which means it's a factual determination by the judge. The point is, to follow up on my good colleague's question, we don't need to say in a global sense that these discretionary decisions are invariably questions of fact of law. Would it depend on the basis of the designation? Yes, Your Honor. When it's a per se designation under the statute, as was the case here, that's a question of law. Aggravated felony with the five-year sentence. This is not a per se designation under the statute. It is, Your Honor. The immigration judge made a per se finding. You're saying it is on the basis that it's an aggravated felony, right? Yes, Your Honor, with the five-year sentence. That was the basis of the immigration judge's finding, which the board adopted. The board's discussion, Your Honor, relating to whether it's necessary to have an aggravated felony finding, arose in the context of a response to the petitioner's argument to the board that the immigration judge never made an aggravated felony finding, when, in fact, the immigration judge actually did. Unless the court has any further questions. Thank you, Your Honor. Your Honor, with respect to the respondent's contention that Mr. Hernandez waived his ability to challenge the aggravated felony because he did not exhaust all of his administrative remedies, he mentioned that he was served with a notice of intent to show final administrative order of removal and that in 15 minutes he essentially decided not to contest his deportability. At page 210 of the joint appendix, I'd like to point out that there are two sections that state whether or not an individual can contest their removability. There's a box that says, I wish to contest and or request withholding of removal, and a box that says, I do not wish to contest and or to request withholding of removal. That box that states, I do not wish to contest, has not been checked. The box that was checked says, I request withholding of removal to Honduras. There's no specific language or statement on this notice where Mr. Hernandez has checked off saying that he concedes that he was convicted of an aggravated felony. Moreover, this notice was explained to him in the English language. The documents in the record indicate that he is a native speaker of the Spanish language, which also has bearing on whether this notice was proper and whether he voluntarily understood this notice and if he absolutely was intelligent in waiving his rights, if the government is saying that he waived his rights. As such, it's not proper to say that he conceded the finding that he was an aggravated felon. Thank you, Your Honors. We thank you. We'll come down and say hi and then proceed directly into our next case.
judges: J. Harvie Wilkinson III, Barbara Milano Keenan, Stephanie D. Thacker